UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NED GUERRA,

                Plaintiff,

v.                                                        Case No. 22-cv-1365-pp

JASON BENZEL, BRIAN GREFF
and ANYA PUSICH,

                Defendants.

---

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Ned Guerra, who is incarcerated at the Wisconsin Secure Program Facility and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The plaintiff has paid the full filing fee. This decision screens his complaint, dkt. No. 1.

**I.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

1

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. The Plaintiff's Allegations

The plaintiff has sued Warden Jason Benzel of Dodge Correctional Institution, Dodge Security Director Brian Greff and Waupun Correctional Institution Security Director Anya Pusich. Dkt. No. 1 at 1. The plaintiff states that on May 25, 2022, when he was incarcerated at Dodge, he sent Greff a "DOC form 1803 Inmate Request for Separation/Special Placement Needs" regarding an individual incarcerated at Waupun. Id. at 3. When Greff did not immediately approve the request, the plaintiff allegedly complained to Warden Benzel; Greff then approved the request on July 27, 2022. Id.

The plaintiff alleges that on August 2, 2022, despite the "SPN, court ordered no contact" between the plaintiff and another individual incarcerated at Waupun, someone informed him that he would be transferred to Waupun and that Greff "pulled some strings" to get him transferred there. Id. The plaintiff alleges that Greff disregarded the Division of Adult Institution rules regarding the safe and secure placement of incarcerated individuals. Id. The plaintiff alleges that Greff retaliated against him because the plaintiff had filed a complaint against Greff and went over his head to the warden. Id. at 3-4. That same day, the plaintiff allegedly wrote to Greff and Benzel to try to stop the "illegal transfer" to Waupun but received no response. Id. at 4.

The plaintiff alleges that on August 3, 2022, he was transferred to Waupun where he spent forty-two days in general population, which placed him in imminent danger of being attacked by the incarcerated individual against whom the SPN had been placed. Id. at 4. During that time, the plaintiff

states that his blood pressure went up and he was constantly on edge, fearing an attack from the other individual. Id. The plaintiff alleges that he has a physical disability and walks with the assistance of a cane due to a work-related injury and he says that any fight or attack could have caused a severe back injury. Id.

Also on August 2, 2022, the plaintiff says he wrote, or sent a request, to Warden Benzel, in which he stated that "d[e]spite the SPN, no contact court order sec. dir. Greff managed to get [the plaintiff] transferred to W.C.I." Id. As of the day he prepared his complaint—September 26, 2022—the plaintiff had not received a response. Id.

The plaintiff alleges that on August 22, 2022, he sent an inmate request form to Waupun security director Pusich, advising her that "there is an active SPN & active court ordered no contact out of Fond du Lac County between me & [the other incarcerated individual] here at WCI. I am not supposed [to] be in WCI. I will defend myself by any means in acc. to Wis. §939.48." Id. The plaintiff states that Pusich did not respond to the plaintiff's request or take any action to remove him from Waupun. Id.

The plaintiff alleges that on September 14, 2022, after forty-two days at Waupun, he was transferred to Green Bay Correctional Institution. Id. For relief, he seeks compensatory damages, injunctive relief and declaratory relief. Id. at 7. He asks for charges to be brought against the defendants, asks that they be reprimanded and that they either be fired or demoted. Id.

4

C.  Analysis

The Eighth Amendment requires prison officials to protect incarcerated persons from violence at the hands of other incarcerated persons. See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). Prison officials who do not protect one incarcerated individual from another may be found liable under the Eighth Amendment only if two requirements are met: first, the incarcerated individual must have been exposed to a risk of objectively serious harm, and second, the prison official must have had actual knowledge of that risk and responded with deliberate indifference. See LaBrec v. Walker, 948 F.3d 836, 841 (7th Cir. 2020); see also Farmer, 511 U.S. at 837-38.

The plaintiff has alleged sufficient facts to allow him to proceed on an Eighth Amendment claim against Greff and Benzel. He alleges that they knew he had a court-ordered no-contact order against an incarcerated individual at Waupun; that Greff purposefully had the plaintiff transferred to Waupun after the plaintiff complained to Benzel about Greff's inaction on his request; and that Benzel failed to reverse the decision after the plaintiff asked for his assistance a day before the transfer. While the plaintiff does not allege that any attack ever materialized or that he was physically injured, his allegations that Benzel and Greff created the risk of harm by having the plaintiff transferred to Waupun constitutes an exception to the physical injury requirement and states a claim at this stage. See Doe v. Welborn, 110 F.3d 520, 524 (7th Cir. 1997) (plaintiff could not satisfy injury element because he did not provide evidence of "physical harm nor the kind of extreme and officially sanctioned

5

psychological harm that might support a claim for damages under the Eighth Amendment"); Babcock v. White, 102 F.3d 267, 271, 273 (7th Cir. 1996) (holding that plaintiff's "allegations of deliberate indifference do not exemplify the egregious conduct" causing psychological harm "sufficient to entitle him to damages under the Eighth Amendment"); see also Whiteside v. Pollard, 481 F. App'x 270, 272 (7th Cir. 2012) (holding that plaintiff did not present evidence that defendants exposed him to a risk of harm "out of malice, which [he] needed to demonstrate in order to establish a failure-to-protect claim"); Age v. O'Brien, No. 99-2217, 2000 WL 307396, *2 (7th Cir. Mar. 23, 2000) ("Though [plaintiff] may fear an assault by the Mexican Mafia or others, a successful claim for damages under the Eighth Amendment requires proof of obvious physical injury or of extreme and officially-sanctioned psychological harm, neither of which is present here.").

The plaintiff also has stated sufficient facts to allow him to proceed on a retaliation claim against Greff, based on allegations that Greff had the plaintiff transferred to Waupun, contrary to the court order, because the plaintiff complained to the warden about Greff's inaction on the plaintiff's request. See Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015); Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

The plaintiff has not, however, stated sufficient facts to allow him to proceed on a claim against Pusich, Waupun's security director, based on allegations that on August 22, 2022, he submitted a request to Pusich, telling her that he was not supposed to be at Waupun because of the no-contact

6

order. Although the plaintiff states that Pusich did not respond to his request, he has not alleged that Pusich participated in the plaintiff's transfer to Waupun. The plaintiff was transferred from Waupun less than one month after he contacted Pusich. The plaintiff has not stated an Eighth Amendment claim against Pusich.

The court notes that the plaintiff asserts in the complaint that he was not required to exhaust his administrative remedies because his claim is an "imminent danger claim." Dkt. No. 1 at 5. The court is not aware of an exhaustion exception for "imminent danger" claims; the Prison Litigation Reform Act requires incarcerated individuals to exhaust available administrative remedies before filing a civil case. See 42 U.S.C. §1997e(a).[1] If the plaintiff did exhaust his administrative remedies before filing this lawsuit, the case may be subject to dismissal without prejudice.

---

[1] Perhaps the plaintiff is thinking of the imminent danger exception to the "three strikes" provision of 28 U.S.C. §1915, the statute that authorizes courts to allow a plaintiff to proceed with a civil lawsuit without first paying the filing fee in full. Section 1915(g) says that if an incarcerated person has, on three or more prior occasions, brought a suit or appeal while incarcerated or detained that was dismissed "on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," that incarcerated person may not proceed without prepaying the filing fee "unless the [incarcerated person] is under imminent danger of serious physical injury." Although the plaintiff has filed other cases in this district, the court is not aware of his having filed any cases while he has been incarcerated that have been dismissed for any of the reasons stated above. And the plaintiff has paid the filing fee in this case, so §1915 doesn't apply to him.

## II. Conclusion

The court **ORDERS** that defendant Anya Pusich is **DISMISSED.**

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Jason Benzel and Brian Greff. Under the informal service agreement, the court **ORDERS** defendants Benzel and Greff to file a responsive pleading to the complaint within sixty days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss

the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court has included with with this order a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 24th day of January, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**