UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NED GUERRA,

      Plaintiff,

v.              Case No. 22-cv-1365-pp

JASON BENZEL, BRIAN GREFF
and KEVIN A. CARR,

      Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 11-2), SCREENING AMENDED COMPLAINT (DKT. NO. 11) GRANTING DEFENDANTS' MOTION TO COMPEL (DKT. NO. 15), DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE DEADLINES (DKT. NO. 15) AND DENYING PLAINTIFF'S MOTION FOR HEARING (DKT. NO. 17)**

  Plaintiff Ned Guerra, who is representing himself, filed this civil rights lawsuit when he was incarcerated. The court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on an Eighth Amendment claim against defendants Jason Benzel and Brian Greff based on allegations that they knew the plaintiff had a court-ordered no-contact order against an incarcerated individual at Waupun Correctional Institution, that Greff purposefully had the plaintiff transferred to Waupun after the plaintiff complained to Benzel about Greff's inaction on his separation request and that Benzel failed to reverse the decision after the plaintiff asked for his assistance a day after the transfer. Dkt. No. 5 at 5. The court also allowed the plaintiff to proceed on a retaliation claim against Greff, based on allegations that Greff had the plaintiff transferred to Waupun, contrary to the court's no-contact order,

1

because the plaintiff complained to the warden about Greff's inaction on the plaintiff's request. Id. at 6. Benzel and Greff answered the complaint on March 23, 2023. Dkt. No. 9. On April 7, 2023, the plaintiff filed a motion to amend the complaint (Dkt. No. 11-2) along with an amended complaint (Dkt. No. 11). This order denies as moot the plaintiff's motion to amend and screens the amended complaint.[1] It also addresses the defendants' motions to compel and strike case deadlines (Dkt. No. 15) and the plaintiff's motion for hearing (Dkt. No. 17).

**I.   Screening the Amended Complaint**

   A.   Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d

---

[1] A party may amend his pleading once as a matter of course within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). The plaintiff filed his motion to amend and his proposed amended complaint within twenty-one days after the defendants answered the original complaint, so it wasn't necessary for him to seek the court's permission to amend the complaint.

2

714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Allegations in the Amended Complaint[2]

The amended complaint reiterates the plaintiff's allegations against Benzel and Greff, adds allegations against Wisconsin Department of Corrections (DOC) Secretary Kevin A. Carr and adds allegations related to exhaustion of administrative remedies. Dkt. No. 11.

The plaintiff alleges that on May 25, 2022, when he was incarcerated at Dodge Correctional Institution, he sent Greff a "DOC form 1803 Inmate Request for Separation/Special Placement Needs" regarding an individual incarcerated at Waupun Correctional Institution. Id. at 4. When Greff did not immediately approve the request, the plaintiff allegedly complained to Warden Benzel; Greff then approved the request on July 27, 2022. Id.

The plaintiff alleges that on August 2, 2022, despite the "SPN, court ordered no contact" between the plaintiff and the other individual incarcerated at Waupun, someone informed him that he would be transferred to Waupun and that Greff "pulled some strings" to get him transferred there. Id. The plaintiff alleges that Greff disregarded the Wisconsin Division of Adult Institution rules regarding the safe and secure placement of incarcerated individuals. Id. The plaintiff avers that Greff retaliated against him because the plaintiff had filed a complaint against Greff and had gone over Greff's head to

---

[2] The plaintiff's amended complaint includes the same allegations against former defendant Pusich that he made in the original complaint, but the amended complaint does not name Pusich as a defendant. Dkt. No. 11 at 5. The court has not included the allegations against Pusich, and it will not reiterate its analysis from the original screening order that the plaintiff has not stated a claim against Pusich.

4

the warden. Id. That same day, the plaintiff says he wrote to Greff and Benzel to try to stop the "illegal transfer" to Waupun, but received no response. Id.

The plaintiff alleges that on August 3, 2022, he was transferred to Waupun, where he spent forty-two days in general population, which placed him in imminent danger of being attacked by the incarcerated individual against whom the SPN had been placed. Id. During that time, the plaintiff states that his blood pressure went up and that he was constantly on edge, fearing an attack from the other individual. Id. The plaintiff alleges that he has a physical disability and walks with the assistance of a cane due to a work-related injury and he says that any fight or attack could have caused a severe back injury. Id. The plaintiff alleges that on September 14, 2022, after forty-two days at Waupun, he was transferred to Green Bay Correctional Institution. Id.

In addition to the plaintiff's allegations against Benzel and Greff (which are the same in the original and amended complaints), the plaintiff alleges in the amended complaint that after he was transferred to Green Bay on September 14, 2022, he wrote an open records request to DOC Secretary Carr requesting "a copy of the SPN form and the signature of the person authoring the SPN." Id. at 5. The plaintiff states that his request "was complied with." Id. The plaintiff also alleges that he asked Carr to investigate the plaintiff's transfer from Dodge to Waupun, to investigate Greff's actions and to inform the plaintiff of the outcome of the investigation. Id. The plaintiff alleges that Carr chose to do "nothing," which "only encourages the defendants to abuse their authority." Id.

For relief, the plaintiff seeks compensatory damages and injunctive relief. Id. at 6. He asks for charges to be brought against the defendants and asks that they be reprimanded and either fired or demoted. Id.

C.  Analysis

As explained in the court's order screening the original complaint, the plaintiff may proceed on his claims against Benzel and Greff.

> The Eighth Amendment requires prison officials to protect incarcerated persons from violence at the hands of other incarcerated persons. See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). Prison officials who do not protect one incarcerated individual from another may be found liable under the Eighth Amendment only if two requirements are met: first, the incarcerated individual must have been exposed to a risk of objectively serious harm, and second, the prison official must have had actual knowledge of that risk and responded with deliberate indifference. See LaBrec v. Walker, 948 F.3d 836, 841 (7th Cir. 2020); see also Farmer, 511 U.S. at 837-38.
>
> The plaintiff has alleged sufficient facts to allow him to proceed on an Eighth Amendment claim against Greff and Benzel. He alleges that they knew he had a court-ordered no-contact order against an incarcerated individual at Waupun; that Greff purposefully had the plaintiff transferred to Waupun after the plaintiff complained to Benzel about Greff's inaction on his request; and that Benzel failed to reverse the decision after the plaintiff asked for his assistance a day before the transfer. While the plaintiff does not allege that any attack ever materialized or that he was physically injured, his allegations that Benzel and Greff created the risk of harm by having the plaintiff transferred to Waupun constitutes an exception to the physical injury requirement and states a claim at this stage. See Doe v. Welborn, 110 F.3d 520, 524 (7th Cir. 1997) (plaintiff could not satisfy injury element because he did not provide evidence of "physical harm nor the kind of extreme and officially sanctioned psychological harm that might support a claim for damages under the Eighth Amendment"); Babcock v. White, 102 F.3d 267, 271, 273 (7th Cir. 1996) (holding that plaintiff's "allegations of deliberate indifference do not exemplify the egregious conduct" causing psychological harm "sufficient to entitle him to damages under the Eighth Amendment"); see also Whiteside v. Pollard, 481 F. App'x 270, 272 (7th Cir. 2012) (holding that plaintiff

> did not present evidence that defendants exposed him to a risk of harm "out of malice, which [he] needed to demonstrate in order to establish a failure-to-protect claim"); Age v. O'Brien, No. 99-2217, 2000 WL 307396, *2 (7th Cir. Mar. 23, 2000) ("Though [plaintiff] may fear an assault by the Mexican Mafia or others, a successful claim for damages under the Eighth Amendment requires proof of obvious physical injury or of extreme and officially-sanctioned psychological harm, neither of which is present here.").
>
> The plaintiff also has stated sufficient facts to allow him to proceed on a retaliation claim against Greff, based on allegations that Greff had the plaintiff transferred to Waupun, contrary to the court order, because the plaintiff complained to the warden about Greff's inaction on the plaintiff's request. See Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015); Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

Dkt. No. 5 at 5-6.

The plaintiff may proceed against Benzel and Greff in their individual capacities. He *may not* proceed against them in their official capacities because, although he seeks monetary damages and injunctive relief, his request for injunctive relief is moot because he no longer is incarcerated. See Ortiz v. Downey, 561 F.3d 664, 668 (7th Cir. 2009) (citing Young v. Lane, 922 F.2d 370, 373 (7th Cir. 1991)). And for purposes of obtaining damages rather than injunctive relief, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

The plaintiff has not stated a claim against Carr because he has not alleged that Carr had any involvement in the decision to transfer him to Waupun. See Rasho v. Elyea, 856 F.3d 469, 478 (7th Cir. 2017). Carr's alleged failure to respond to the plaintiff's request for an investigation into the transfer

does not state a claim for a constitutional violation because the alleged violation already had occurred when the plaintiff contacted Carr. See id.

**II.    Defendants' Motions to Compel Plaintiff to Respond to Discovery Requests and to Strike Current Deadlines for Close of Discovery as to Plaintiff's Deposition and the Deadline for Filing Summary Judgment (Dkt. No. 15) and Plaintiff's Motion and Request for Hearing Regarding Defendants Discovery Request (Dkt. No. 17)**

The defendants have filed a motion for an order compelling the plaintiff to sign an authorization for release of his health records maintained by the DOC or to identify and produce the requested health records at his own cost. Dkt. No. 15 at 1. The defendants also ask the court to amend the scheduling order to remove the current deadline for the close of discovery (so that they have time to receive the requested records and to depose the plaintiff), to strike the deadline for the parties to file motions for summary judgment and to set new deadlines consistent with this order. Id.

The defendants contend that the plaintiff's medical and psychological records are relevant to the lawsuit because of the allegations raised in the complaint and the expected damages/injuries the plaintiff has or will claim—specifically, anxiety and increased blood pressure. Id. at ¶14. The defendants also argue the plaintiff has alleged that the risk of an attack was elevated in his case because he has a physical disability (he uses a cane) and an attack could have caused him a severe back injury; the defendants assert that they are entitled to know if there are any medical records reflecting, for example, any kind of elevation in his blood pressure or if the plaintiff sought treatment for anxiety. They assert that they need the records to have the necessary context

8

for the plaintiff's claims relating to his baseline medical and psychological situation. Id. According to the defendants, the plaintiff's proposal to narrow production to only his medical records relating to his "handicap/ medical restrictions" and to his blood pressure issue but "nothing more," as well as to one psychological record relating to his conversation with a Dr. Roca regarding his concerns for his safety, is insufficient because it appears limited only to the medical visit or psychological visits that the plaintiff claims support his allegations. Id. at ¶15. In response to the plaintiff's objections to the defendants' request for medical authorization, the defendants propose limiting the time period for the records they seek to begin January 1, 2022 (six to seven months before the allegations in the complaint)and continue to the present. Id. at ¶7.

In response to the defendants' motion to compel, the plaintiff asks the court to hold a hearing. Dkt. No. 17 at 1. He states that the defendants have requested "unlimited" access to the plaintiff's DOC medical file and that they don't need full access to his medical and "syc" files. Id. The plaintiff says that the files contain "HIPPA protected information that the defendants, have no right to access" and that he agrees to release only the medical information that pertains to his claim regarding his back injury, use of cane, blood pressure and handicap as well as access to plaintiff's psychological file regarding his concerns for his safety that he expressed to Dr. Rocha at Waupun. Id.

The defendants have shown that they conferred with the plaintiff before filing their motion to compel, as required by Federal Rule of Civil Procedure

9

37(a). Dkt. No. 15 at 1-2. Under Fed. R. Civ. P. 26(b)(1), parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]"

"Although a plaintiff may have a constitutional interest in protecting the confidentiality of his medical records, such an interest is waived when he files suit against defendants alleging claims that place his medical condition at issue." Hokamp v. Miller, Case No. 21-CV-1125, 2022 WL 17584158, at *2 (E.D. Wis. Dec. 12, 2022) (citing Brown v. Picknell, No. 18-CV-1653, 2019 WL 4118788, at *2 (E.D. Wis. Aug. 29, 2019)). The same is true regarding emotional and/or psychological treatment records. Id. (citing Doe v. Oberweis Dairy, 456 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state.")).

The plaintiff has placed aspects of his medical and psychological records at issue because he alleges that the defendants intentionally placed him at risk of substantial harm, that he has physical limitations and that he was damaged by suffering increased anxiety and blood pressure. The plaintiff seeks damages based on the defendants' actions and his medical records may be relevant to the damages. If the plaintiff wishes to proceed with this case, he must authorize the defendants to review his medical records as requested in the medical authorization. The defendants have agreed to limit the records they seek to the records relating to the plaintiff's physical and mental condition from the period of January 1, 2022 through the present. Dkt. No. 16-5. If the

plaintiff does not sign the medical authorization or otherwise provide the defendants with the DOC records that they seek, the court may dismiss this case for the plaintiff's failure to prosecute. See Fed. R. Civ. P. 41(b) (providing that a district court may dismiss a case where "the plaintiff fails to prosecute or to comply with these rules or a court order," and that dismissal "operates as an adjudication on the merits"); Civil Local Rule 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action and Civil L. R. 41(a) or (b) does not apply, the Court may enter an order of dismissal with or without prejudice.").

Because this order grants the defendants' motion to compel, the court will not grant the plaintiff's request to hold a hearing addressing the motion. The court will set new deadlines for the completion of discovery and the filing dispositive motions. There is no need to "strike" the former deadlines and the court will deny as moot the defendants' motion to strike the former summary judgment deadline.

### III. Conclusion

The court **DENIES AS MOOT** the plaintiff's motion to amend complaint. Dkt. No. 11-1.

The court **DISMISSES** defendant Kevin Carr.

The court **ORDERS** that defendants Benzel and Greff must file a responsive pleading to the amended complaint (Dkt. No. 11) by the end of the day on **November 10, 2023**.

The court **GRANTS** the defendants' motion to compel. Dkt. No. 15.

11

The court **ORDERS** that, if the plaintiff wishes to proceed in this lawsuit, he must sign and return to the defendants an authorization for release of his medical records by the end of the day on **November 17, 2023**. If the plaintiff refuses to authorize release of his medical records or fails to comply with this order by the end of the day on November 17, 2023, the court may dismiss this case.

The court **ORDERS** that by the end of the day on **November 20, 2023**, the defendants must notify the court whether they have received the signed authorization form from the plaintiff.

The court **DENIES AS MOOT** defendants' motion to strike current case deadlines. Dkt. No. 15.

The court **DENIES** the plaintiff's motion for hearing. Dkt. No. 17.

The court **ORDERS** that the new deadline for the completion of discovery is **January 19, 2024**. the new deadline for the parties to file motions for summary judgment on the merits is **February 16, 2024**.

Dated in Milwaukee, Wisconsin this 16th day of October, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**