NED GUERRA,

                 Plaintiff,

v.                                             Case No. 22-cv-1365-pp

JASON BENZEL
and BRIAN GREFF,

                 Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 22), DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE (DKT. NO. 24) AND GRANTING DEFENDANTS' MOTION TO COMPEL (DKT. NO. 24)**

      Plaintiff Ned Guerra, who is representing himself, filed this civil rights lawsuit while he was incarcerated. The court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on an Eighth Amendment claim against defendants Jason Benzel and Brian Greff, based on allegations that they knew the plaintiff had a court-ordered no-contact order against an incarcerated individual at Waupun Correctional Institution, that Greff purposefully had the plaintiff transferred to Waupun after the plaintiff complained to Benzel about Greff's inaction on his separation request and that Benzel failed to reverse the decision after the plaintiff asked for his assistance a day after the transfer. Dkt. No. 5 at 5. The court also allowed the plaintiff to proceed on a retaliation claim against Greff, based on allegations that Greff had the plaintiff transferred to Waupun, contrary to the court's no-contact order, because the plaintiff complained to the warden about Greff's inaction on the

1

plaintiff's request. Id. at 6. The plaintiff filed an amended complaint. Dkt. No. 11. The court screened the amended complaint and allowed the plaintiff to proceed on the same claims that he raised in his original complaint—that is, his claims against Greff and Benzel in their individual capacities. Dkt. No. 19 at 6-7.

The plaintiff has filed a motion to compel the defendants to produce copies of complaints that other incarcerated individuals have filed against Greff regarding Special Placement Need transfers. Dkt. No. 22 at 1. The plaintiff asserts that he needs these documents to show "a pattern of Greff's disregard to an inmate[']s safety." Id. The plaintiff also asks the court to compel the defendants to produce the internal management policies and procedures of the Wisconsin Department of Corrections Division of Adult Institution regarding the placement of incarcerated individuals in separate institutions after approval of a special placement need. Id.

The defendants oppose the motion to compel because the plaintiff did not discuss the issues raised in his motion with opposing counsel before filing the motion. Dkt. No. 23 at 1-2. The defendants argue that the plaintiff's request for other incarcerated individuals' complaints to show a pattern or practice is not sufficiently relevant to the plaintiff's claim to justify production and that other individuals' complaints are confidential. Id. at 2. The defendants state that although they did not comply with the plaintiff's request to provide certain special placement need policies that are restricted, they advised that he could

contact his parole agent and schedule a time to review the restricted policies and take notes on relevant portions of the restricted policies. Id. at 3.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Federal Rule of Civil Procedure 26(b)(1). When determining whether a discovery demand requests relevant, proportional information, the court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. A party may move for an order compelling discovery, but any such motion must include a certification that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). The plaintiff's motion to compel does not include a certification that he conferred with the defendants before filing the motion, which means that his motion is premature. The court will deny the plaintiff's motion to compel.

On January 19, 2024, the defendants filed a motion to dismiss for failure to prosecute or in the alterative, to compel the plaintiff to appear at a deposition. Dkt. No. 24. The defendants state that on December 14, 2023, counsel contacted the plaintiff (who no longer is incarcerated) to arrange a date for a deposition and the plaintiff responded that same day that he would not appear for a deposition. Id. at 2. The defendants scheduled a deposition for

3

January 15, 2024, and on January 14, the plaintiff notified counsel that that day didn't work for him. Id. at 3. The defendants rescheduled the deposition for January 19, 2024. Id. The night before the deposition, the plaintiff emailed and said he was "having issues w[ith] the app;" the next morning (the day of the deposition), he contacted defense counsel and said he was able to download the app but could not "figure it out." Id. He said he would "keep trying." Id. The defendants report that counsel sent the plaintiff more information but that he did not respond and did not appear at the deposition. Id. at 3-4.

The rules require the plaintiff to attend a properly noticed deposition. See Fed. R. Civ. P. 30(a)(1). Although the plaintiff initially told the defendants that he would not appear for a deposition, he seems to have tried to appear at the one scheduled for January 19, 2024, but had trouble connecting via the remote platform. The court will not dismiss this case given the plaintiff's alleged inability to connect with defense counsel for the deposition. The court advises the plaintiff, however, that he must attend a properly noticed deposition; if he does not, the defendants may ask the court to dismiss the case with prejudice and the court may grant that motion. The court will grant the defendants' motion to compel the plaintiff to appear for his deposition. The court advises the parties that they may stipulate that the deposition be taken by remote means. See Fed. R. Civ. P. 30(b)(4).

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 22.

The court **DENIES** the defendants' motion to dismiss for failure to prosecute. Dkt. No. 24.

The court **GRANTS** the defendants' motion to compel. Dkt. No. 24. The court **ORDERS** that the plaintiff must appear for a properly noticed deposition. If the plaintiff does not appear for a properly noticed deposition, the defendants may seek dismissal and the court may grant that request.

The court **VACATES** the current discovery and dispositive motions deadlines.

The court **ORDERS** that the deadline for the parties to complete discovery is **EXTENDED** for the sole purpose of the defendants deposing the plaintiff. *The defendants must notify the court when the deposition has been scheduled.*

The court **ORDERS** that the deadline for the parties to file dispositive motions is **EXTENDED** until forty-five (45) days after the completion of the plaintiff's deposition.

Dated in Milwaukee, Wisconsin this 31st day of January, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**